David H. Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*ROBERT W. BODEMAN*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT W. BODEMAN,<br><br>Plaintiff,<br><br>v.<br><br>CASH 1, LLC,<br><br>Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, ROBERT W. BODEMAN, by undersigned counsel, states as follows:

## **JURISDICTION**

1. Congress has found that the use of electronic systems to transfer funds provides the potential for substantial benefit to consumers. Due to the unique

characteristics of such systems, Congress passed the Electronic Funds Transfer Act to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic funds transfer system, most particularly, to provide consumers with individual rights. Along these lines this matter also arises out of the Electronic Fund Transfers Act, 15 U.S.C. § 1693 et seq. ("EFTA") against Defendant as further described herein.

2. As a result of any ill-gotten funds by Defendant, Plaintiff also brings a State law claim for "conversion" against Defendant.

3. This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiff by Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

5. Defendant has, through its conduct in collecting a loan governed by NRS 604A, violated NRS 604A.5041.

6. Defendant CASH 1, LLC is a "licensee" as that term is defined by NRS 604A.

7. NRS 604A.5041 incorporates the Fair Debt Collection Practices Act

(FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

8. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

## PARTIES

10. Plaintiff ROBERT W. BODEMAN ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

11. Plaintiff is, at all times mentioned herein, a retired disabled Veteran suffering from post-traumatic stress disorder (PTSD).

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1693a(6).

13. Defendant CASH 1, LLC ("Defendant") is doing business in the State of Nevada.

14. Defendant is, and at all times mentioned herein was, a corporation.

# ALLEGATIONS APPLICABLE TO ALL COUNTS

## A. The Debt

15. Plaintiff allegedly incurred a financial obligation (the "Debt") to Defendant.

16. The Debt was a "high-interest loan" as defined by NRS 604A.0703.

17. NRS 604A.5041 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

18. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.5041.

## B. Defendant Engages in Harassment and Abusive Tactics

## FACTS

19. Plaintiff – a retired military Veteran suffering from PTSD - found himself in a financial pinch and could no longer repay all his loans on time.

20. Plaintiff, who had entered into automated electronic payment drafts with Defendant, advised Defendant he could no longer afford the payments and instructed Defendant to cease drafting electronic funds from his banking account.

21. Starting on or about July 10, 2019 and continuing through July 25, 2019, Plaintiff advised Defendant 1) he had retained an attorney and provided Defendant with his Counsel's contact information (the "Attorney Notification"), and 2) instructed Defendant to cease electronic withdrawals from his bank account (the "EFT Revocation").

22. Plaintiff reiterated the Attorney Notification and EFT Revocation more than once over the next several days.

23. On August 30, 2019, Plaintiff filed for Chapter 13 bankruptcy in Bankruptcy Court for the District of Nevada, Case 19-15652-abl, thus further revoking any consent for the EFT transfers as a matter of law.  Cash 1 received notice of Plaintiff's bankruptcy filing through the Bankruptcy Court's BNC mailing system.

24. Notwithstanding the Attorney Notification, Defendant continued collection communications directly with Plaintiff, and advised it could continue to collect from him directly – which it did.

25. Notwithstanding the EFT Revocation, Defendant continued illegal attempts to withdraw funds from Plaintiff's Navy Federal Credit Union checking account (ending 7247) (the "NFCU Account"), which Plaintiff strictly forbade and consent for which Plaintiff expressly revoked.  To this end, Defendant illegally attempted to draft more than $800 from Plaintiff's NFCU account on multiple

occasions and without authorization.

26. Defendant also advised Plaintiff it could continue to withdraw funds from Plaintiff's bank account, despite Plaintiff's revocation of permission to do so.

27. As a result of its illegal EFT efforts, Defendant over drafted Plaintiff's NFCU Account.

28. As a consequent to the overdraft, Plaintiff, an honorably discharged veteran, could not buy food nor gas for his truck, and was also at risk of having his electricity shut off in the Nevada summer heat. Indeed, Plaintiff skipped meals and dinners so he could ration his food for the following days – uncertain when, if ever, his illegally gotten funds would be returned.

29. Plaintiff feared, because of the funds taken, he would further be unable to drive to his daughter's birthday, since he could not afford the gas.

30. The stress this resulted caused an increase in Plaintiff's PTSD, vomiting, and diarrhea.

31. Defendant's withdrawal after the EFT Revocation was an unauthorized electronic funds transfer as defined by 15 U.S.C. § 1693a(12) and 12 C.F.R. 1005.2(m), thereby violating 15 U.S.C. § 1693, et seq.

32. By withdrawing the aforementioned funds, Defendant deprived and/or prevented Plaintiff's access to Plaintiff's funds to pay bills and other personal purposes.

## C. <u>Plaintiff Suffered Actual Damages</u>

33. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

34. Further, Plaintiff alleges that Defendant's actions at all times herein were "willful."

35. As a direct consequence of Defendant's harassing acts, practices, and conduct, Plaintiff suffered, and continues to suffer, from anger, anxiety, emotional distress, frustration, rage, headaches, an upset stomach, heart palpitations, nausea, sickness, vomiting, fear of lost time with his family, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts. Plaintiff has also lost the use of personal and family time while enduring these frustrations.

36. Plaintiff has also lost the funds which Defendant was not authorized to take possession of.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.5041)

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

39. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant

engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

40. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt. Specifically, Defendant continued to tell Plaintiff it was entitled to communicate with him and draft funds on his account despite his notice to Defendant of his attorney representation and revocation of consent to withdraw funds from his NFCU account. This conduct also violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action against Plaintiff which it could not legally take in collection of a debt among other misrepresenations.

41. Defendant's conduct violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f in that Defendant employed various false representations and deceptive means to collect a debt for the foregoing reasons.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

43. Plaintiff is entitled to damages as a result of Defendant's violations.

44. Plaintiff has been required to retain the undersigned as counsel to protect Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

# COUNT II

## Violations of the EFTA
## (15 U.S.C. § 1693 ET SEQ.)

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the EFTA.

47. As a result of each and every negligent violation of the EFTA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

- consequential damages pursuant to NRS 604A.930;

- statutory damages pursuant to NRS 604A.930;

- actual damages pursuant to NRS 604A.930;

- punitive damages pursuant to NRS 604A.930 (or as may be otherwise recoverable);

- costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930;
- a "voiding" of the Debt, barring Defendant from collecting thereon, and compelling Defendant to turn over any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).
- actual damages pursuant to 15 U.S.C. § 1693m(a)(1);
- statutory damages of not less than $100, and not more than $1,000.00, pursuant to 15 U.S.C. § 1693m(a)(2)(A);
- costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);

///

///

///

- general and special damages in an amount to proven; and

- any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 11, 2019

                              Respectfully submitted,

                              By  /s/ David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*ROBERT W. BODEMAN*